18349

B. N. COTHRAN, W. W. Drew and Gerald Pate, Appellants, v. Sylvia STROMAN and Thomas H. Stroman, Respondents

(142 S. E. (2d) 368)

*Messrs. Edward E. Saleeby,* of Hartsville, and *C. C. McDonald,* of Florence, *for Appellants,*

*Messrs. Willcox Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Respondents,*

May 17, 1965.

TAYLOR, Chief Justice.

This appeal arises out of an action in equity to enforce by injunction certain restrictive covenants relating to lots

in Ridgecrest Subdivision in Florence County. Plaintiffs, residents of the Subdivision, brought this action in behalf of themselves and others similarly situated alleging that defendants, who are owners of Lot No. 27 in the Subdivision, are violating the restrictive covenants appertaining thereto by operating a beauty parlor in their residence.

The matter was heard by the Honorable W. T. McGowan, Judge of the Civil Court of Florence County, who, in his Order of August 6, 1964, denied the relief sought by plaintiffs; and this appeal followed.

The following paragraphs of the restrictive covenants are pertinent to this inquiry:

"1. No lot shall be used except for residential purposes. No building shall be erected, altered, placed, or permitted to remain on any lot other than one detached single-family dwelling not to exceed two and one-half stories in height and a private garage for not more than two cars.

\* \* \*

"7. No noxious or offensive activity shall be carried on upon any lot, nor shall anything be done thereon which may be or may become an annoyance or nuisance to the neighborhood, or that may affect the value of the property."

The general rule is that restrictions as to the use of real estate should be strictly construed and all doubts resolved in favor of free use of the property; such covenants, however, should not be construed so as to defeat the plain and obvious purpose of the contractual instrument. *McDonald v. Welborn*, 220 S. C. 10, 66 S. E. (2d) 327; *Maxwell v. Smith*, 228 S. C. 182, 89 S. E. (2d) 280.

Defendants, husband and wife, purchased the house and lot on April 29, 1964, and shortly thereafter altered and enlarged the utility room, attached to the carport, and installed equipment needed to perform hair dressing services for women with full knowledge of the covenants. The defendant, Sylvia Stroman, formerly operated a one-operator beauty parlor in the City of Florence and had a City License

in addition to a state cosmetologist's license and a state ownership license. After moving to Ridgecrest Subdivision, she applied for a state license for her new shop. She does not engage in advertising and there are no additional employees but the telephone number remains the same as at the old shop, and her income is approximately the same as before.

Defendants contend that such use of the property is not a violation of the restrictive covenants so as to justify the injunctive relief sought.

The Trial Judge concluded that the restriction "except for residential purposes" should not be interpreted to prohibit the incidental use of a residence for a commercial undertaking conducted in a limited way, provided such activity does not violate the covenant as to noxious or offensive activity. We are not in complete accord with this holding, especially as related to the facts of this case. The obvious purpose of the restrictions is to prohibit commercial activity in the residential development. Defendants contend that the question of such activity is a matter of degree and to a certain extent we agree, for to prohibit all activity other than for residential purposes may reasonably result in reducing the value of the property rather than enhancing it. Plaintiffs admit that the operation of the beauty shop does not constitute a noxious or offensive activity; however, in our opinion such commercial activity clearly violates the plain and obvious purpose of the covenant and is prohibited by its terms.

For the foregoing reasons we are of opinion that the Order appealed from should be reversed and defendants enjoined from conducting such enterprise in their home, and it is so ordered. Reversed.

Moss, Lewis and Bussey, JJ., and Lionel K. Legge, Acting J., concur.