Ann S. DAVEY et al., Respondents, v. ARTISTIC BUILDERS, INC., Appellant

(211 S. E. (2d) 235)

Messrs. *J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, and *Felix L. Finley, Jr.,* of Pickens, *for Appellant,*

Messrs. *B. O. Thomason, Jr.,* of *Love, Thornton, Arnold & Thomason,* Greenville, and *Stuart G. Anderson* of *McDonald, Cox & Stilwell,* Greenville, *for Respondents,*

January 14, 1975.

Bussey, Justice:

In this action the plaintiffs-respondents are the owners of lots in Burdine Springs' Subdivision located near Easley, South Carolina in Pickens County, and they sought to enjoin the defendant-appellant from the alleged violation of certain restrictive covenants applicable to the lots in said subdivision. The lower court granted injunctive relief and defendant appeals.

In 1961 a residential subdivision known as Burdine Springs was platted and developed by one John C. Cobb, such subdivision being composed of 102 sequentially numbered lots. Restrictive covenants were imposed by Cobb and these along with a plat of the subdivision were duly recorded in the office of the Clerk of Court of Pickens County. The plat of the subdivision shows it to be located to the west of the Dacusville Highway. The plat reflects that said John C. Cobb owned acreage to the north of the subdivision, not subdivided into lots, and also an area composed of several acres lying between the subdivision and Dacusville Highway, which was not subdivided. To the north and south of this latter acreage the subdivision immediately adjoins the Dacusville Highway. The plat shows acreage lying to the south and southwest of the subdivision as being the property of one Felix Hendricks.

. One of the streets shown on the plat of the subdivision is now known as Asbury Circle and .at the southwestern portion of the subdivision, near the Felix Hendricks property, the said Asbury Circle runs in front of sequentially numbered lots 35 and 36 on the plat of the subdivision. The lots in the subdivision have frontage of from 100 to. 120 feet. The area immediately adjacent to Asbury Circle on the southwest side, for a distance of 350 to 400 feet, be-

tween said lots 35 and 36, bears no number or any other mark to show what this particular area was or who it even belonged to. For all the plat shows to the contrary this particular area was the property of Hendricks rather than Cobb, but the evidence other than the plat discloses that Cobb did in fact own a small acreage lying between lots 35 and 36 and between Asbury Circle and the property of Hendricks.

The restrictions relied upon by the plaintiffs were imposed upon the lots in the subdivision by the following language:

"The following building restrictions or protective covenants are hereby imposed by the undersigned who is the owner of all lots in Burdine Springs Subdivision as shown by plat thereof recorded in the RMC office of Pickens County in plat book 12, page 77."

The defendant, Artistic Builders, Inc., at a later date acquired from the said Cobb all unsold lots in the subdivision and the acreage owned by him which he had not subdivided into lots, including the small parcel of acreage lying between Asbury Circle and the Hendricks property which has also been acquired by defendant. The defendant proposed to build a road leading from Asbury Circle across the small acreage southwest thereof acquired from Cobb and connecting with a subdivision of the defendant on the Hendricks property. The plaintiffs contend, and the lower court so held, that this Cobb acreage was a part of Burdine Springs Subdivision and restricted to residential use; the defendant being consequently enjoined from constructing said road. While other issues were involved initially, such have been heretofore disposed of and the only issues remaining before the Court concern whether the lower court was correct in enjoining the construction of said road.

While the parties variously state and argue several questions, the decision of a single issue is dispositive of the appeal. The lower court was clearly in

error in holding that the small Cobb acreage between lots 35 and 36 of the subdivision lying southwest of Asbury Circle was subject to the restrictive covenants applicable to Burdine Springs Subdivision.

The restrictions by their terms were applicable to the lots in Burdine Springs Subdivision shown on the plat thereof and the acreage here involved was clearly not a lot in Burdine Springs Subdivision. There is not the slightest word in the language of the covenants nor any marking upon the plat to indicate any intention to make this acreage either a part of the subdivision or to subject it to the restrictive covenants. The plaintiffs-respondents point to nothing in either of these documents which could possibly have misled any of them to their detriment. The acreage is not within the perimeter of the subdivided area. Such was not shown on the plat as a lot, numbered or unnumbered, and there is nothing on the plat to give rise to any inference that such was intended to be a part of the subdivision; nothing to show that it even belonged to Cobb, the developer of the subdivision, and to the contrary at least one reasonable inference from the plat is that such acreage actually belonged to Hendricks rather than Cobb, particularly since all other adjacent Cobb acreage was shown as belonging to Cobb. Not even a boundary line between the Cobb acreage and the Hendricks acreage is shown on the plat and even the record here does not disclose with any precision the extent of the Cobb acreage alleged by the plaintiffs to be a restricted lot in the subdivision.

It is a settled rule of law in this jurisdiction that ▉▉ restrictions as to the use of real estate should be strictly construed and all doubts resolved in favor of free use of the property, subject, however, to the provision that this rule of strict construction should not be applied so as to defeat the plain and obvious purpose of the instrument. It follows, of course, that where the language of the restrictions is equally capable of two or more

different constructions that construction will be adopted which least restricts the use of the property. *McDonald v. Welborn,* 220 S. C. 10, 66 S. E. (2d) 327; *Maxwell v. Smith,* 228 S. C. 182, 89 S. E. (2d) 280; *Cothran v. Stroman,* 246 S. C. 42, 142 S. E. (2d) 368; *Baltz, Inc. v. R. V. Chandler & Co.,* 248 S. C. 484, 151 S. E. (2d) 441; *Edwards v. Surratt,* 228 S. C. 512, 90 S. E. (2d) 906.

Since plaintiffs do not point to any language in the restrictions or to anything upon the accompanying plat which expresses a "plain and obvious purpose" to impose the restrictions upon the acreage here involved, there is no occasion for us to refrain from applying the rule of strict construction.

The judgment of the court below holding that this particular area was subject to the restrictive covenants imposed upon lots in Burdine Springs Subdivision and granting relief based upon that erroneous premise is accordingly,

Reversed.

Moss, C. J., LEWIS and LITTLEJOHN, JJ., and NESS, Acting Associate Judge, concur.