0632

ROLL FORM PRODUCTS, INC., Appellant v. CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Respondent, and CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Plaintiff, v. FIRST UNION NATIONAL BANK, Third-Party Defendant.

(340 S. E. (2d) 562)

Court of Appeals

*V. Jean Burkins*, of *Finkle, Georgaklis, Goldberg, Sheftman & Korn*, Columbia, *for appellant.*

*John T. Moore*, of *Nelson, Mullins, Grier & Scarborough*, Columbia, *Hugo A. Pearce, III*, Charlotte, N. C., *for First Union Nat. Bank.*

Submitted Dec. 18, 1985.

Decided Feb. 11, 1986.

GARDNER, Judge:

This negligence and conversion action arose because of the payment to one of two co-payees of a check. The case was tried without a jury; the trial judge granted judgment in favor of the Citizens and Southern National Bank of South Carolina (the defendant) on the grounds of ratification. We affirm.

M.B. Kahn Construction Company, Inc., in payment of an account, issued its check drawn on the defendant and payable to two co-payees, viz., Roll Form Products, Inc., (the plaintiff) and Padgett Steel Company (Padgett). Padgett endorsed the check "For Deposit Only" and deposited it to

its account in the First Union National Bank (First Union). Upon presentment the check was paid by the defendant. Plaintiff unsuccessfully sought first to collect from Padgett; after about two and one-half years this action was brought.

Two issues are presented by this appeal. First, plaintiffs assert their motion for summary judgment should have been granted. Second, plaintiffs assert that the appealed order erroneously held that the defenses of estoppel, waiver and laches were raised by the pleadings.

Plaintiff's motion for summary judgment was denied by the trial court on the grounds that issues of material facts remained to be determined.

We find no error in the refusal to grant the motion for summary judgment. First, plaintiffs did not assert in their affidavit compliance with Section 36-3-419(1)(b), Code of Laws of South Carolina (1976)[1]; i.e., the plaintiffs did not assert in their affidavit a demand for either payment or return of the check. Second, the reply affidavits of the defendant raised questions of fact about alleged negligence on the part of the plaintiff and also questions of fact relating to the issue of ratification. There is no merit to those exceptions relating to the refusal to grant summary judgment and we so hold.

Next, the appealed order contained the following, "In the case before the court, C & S raised the defense of ratification under Section 36-4-404, Code of Laws of South Carolina (1976), which is in line with the common law doctrines of estoppel, waiver and laches." The reference to estoppel, waiver and laches is merely an observation, perhaps erroneous, of the court. The appealed order granted the defendant judgment on the basis of ratification alone. The plaintiffs on appeal did not except to the issue of whether there was evidence to support ratification. Since this question is not properly presented to this court, it is not a matter of determination on appeal. *Mackey v. Kerr McGee Chemical Company*, 280 S. C. 265, 312 S. E. (2d) 565 (Ct. App. 1984).

We find no merit to the appeal.

Affirmed.

CURETON and NESS, JJ., concur.

---

[1] See official comment (2) to this section.