## 0957

Robert H. HOWORKA, d/b/a Harbor Island Beach and Tennis Club, Appellant v. HARBOR ISLAND OWNERS' ASSOCIATION, INC., Respondent.

(356 S. E. (2d) 433)

Court of Appeals

*Daniel R. Denton,* of Beaufort, *for appellant.*

*J. Thomas Mikell,* of Beaufort, *for respondent.*

Heard Feb. 18, 1987.

Decided May 11, 1987.

BELL, Judge:

Robert H. Howorka, the owner of Harbor Island Beach and Tennis Club, commenced this action to enjoin the Harbor Island Owners' Association from charging Club members and guests access fees at the entrance to Harbor Drive, the sole thoroughfare connecting the island with the mainland. Howorka also sought monetary damages for disruption of and injury to his business. Howorka alleged he possessed an unqualified easement in Harbor Drive under his and his predecessor's deeds. As a defense, the Association claimed an exclusive right to manage and control a portion of Harbor Drive under a "Declaration of Covenants and Restrictions" executed and recorded by Harbor Island Development Company, the original owner and developer of Harbor Island. The circuit court held Howorka's easement was subject to the Association's prior right of exclusive control, which included the right to charge a reasonable access fee. Howorka appeals. We affirm.

Harbor Island is a planned development near Beaufort, South Carolina. The only access to the island is by Harbor Road over a privately owned causeway. A security gate has been located at the entrance to the causeway since 1980. On September 5, 1980, the Harbor Island Development Company recorded a "Declaration of Covenants and Restrictions," which created the Harbor Island Owners' Association "to provide for the preservation, management

and maintenance of the amenities and other Common Areas." The Declaration contains the following provision: "The Association, subject to the rights of the Owners set forth in this Declaration, shall be responsible for the exclusive management, operation and control of the Common Areas and all improvements thereon . . ., and shall keep the same in good, clean, attractive and sanitary condition, order and repair." The Declaration also granted to all Association members owning lots subject to the Declaration "the right and easement of enjoyment in and to the Common Areas* * * subject to . . . [t]he right of the Association to establish reasonable rules and regulations through the By Laws and to charge reasonable admission or other fees for the use of the Common Areas." The Association was managed by the Development Company until September 1984 when control was turned over to the members.

In 1982, the Development Company conveyed a portion of Harbor Island to Coastal Resort Properties for the express purpose of constructing tennis courts, a swimming pool, a club house, and a parking area. The deed granted to the purchaser "the right of ingress and egress from U. S. Highway 21 . . . via Harbor Drive and Harbor Drive North as plated [sic] by the Grantor." In September 1984, Howorka purchased the Club property under a deed granting him the same right of access. The Club property has never been subject to the Declaration's provisions.

In December 1984, the Association notified Howorka that as of January 1, 1985, all nonresident Club members would be required to purchase a fifty dollar annual sticker or pay a daily fee of three dollars per car for entry onto the island. The following May, the charges were reduced to twenty dollars per year or two dollars per day. Members of the Association are exempt from the access fee, but are required to pay annual assessments of two hundred fifty dollars each. Since January 1985, the Association has been stopping nonresident Club members and charging them access fees.

On August 26, 1985, Howorka instituted this suit, seeking monetary damages and an injunction to prevent the Association from charging Club members and guests entry fees at the gate. Relying on the language in his and his predecessor's deeds, Howorka claimed an "absolute and unqualified"

easement in Harbor Drive, entitling Club members and guests to use the road without paying any fees. The circuit court held the Declaration vested the Association with exclusive control of a portion of Harbor Drive and Howorka's easement was subject to the Association's right to charge reasonable access fees.

Howorka claims the trial court erred because he holds an unqualified easement in Harbor Drive which is unaffected by any restrictions arising from the Declaration or otherwise. He maintains, therefore, that he is liable, if at all, only under a common law duty as joint user of an easement to contribute a proportionate share of maintenance costs based on his use. He further argues that even if the Declaration entitled the Association to charge a fee, they were barred by laches from doing so.

First, Howorka contends Harbor Drive is not a "common area" subject to the Association's control under the Declaration. The Declaration grants the Association "the exclusive management, operation and control of the Common Areas and all improvements thereon." One of the Declaration's express purposes is "to create ... a planned development to contain, inter alia, ... utilities, roadways, lakes, canals, ... open spaces and other Common Areas." "Common areas" are defined as "those areas of real property ... deeded or sold to the Association and designated in the document of conveyance as Common Areas or which are described in the Declaration." The Declaration specifically includes among the property subject to its covenants a portion of Harbor Drive. Thus, Harbor Drive is clearly one of the common areas over which the Declaration gives the Association a right of management and control.

Next, Howorka argues that even if Harbor Drive is a common area, the Association's rights under the Declaration do not limit the easement Howorka acquired through his and his predecessor's deeds. Howorka contends the Association has, at most, an easement to use Harbor Drive along with others, such as Howorka, who also possess easements in the road.

In *Briarcliffe Acres v. Briarcliffe Realty Co.*, 262 S. C. 599, 206 S. E. (2d) 886 (1974), our Supreme Court was called upon to interpret a similar declaration in which a developer

agreed to "vest with [the owners' association] the rights, powers and privilege of management and control over ... the lakes, parks, roads, easements, beach-front areas and other facilities of nature and kind for the general use of the community." The Court held this declaration effected a "dedication to private use" of the common areas, which is "nothing more or less than an easement." *Id.* at 616, 206 S. E. (2d) at 895. The Court further held the easement was perpetual and irrevocable and affirmed the trial court's order enjoining the developer from interfering with the owners' association's exercise of its management and control of the common areas.

As in *Briarcliffe*, the Association here acquired an easement in that portion of Harbor Drive subject to the Declaration. Apart from a power reserved by the Development Company to amend the Declaration for a three year period, which was never exercised, that easement is perpetual and irrevocable. The extent of the easement is governed by the language of the Declaration. *Forest Land Co. v. Black*, 216 S. C. 255, 57 S. E. (2d) 420 (1950); *Marlow v. Marlow*, 284 S. C. 155, 325 S. E. (2d) 703 (Ct. App. 1984).

Unlike the instrument in *Briarcliffe*, the Harbor Island Declaration gives the Association the right of *exclusive* management, operation, and control of the common areas, subject only to the lot owners' easements granted in the Declaration and the Development Company's reserved power to amend. The Development Company could not limit the Association's easement by its subsequent conveyance of easement to Coastal Resort Properties. The grantor of an easement retains dominion and use of the servient land only to the extent his actions do not interfere with the grantee's reasonable enjoyment of the easement. *Marlow v. Marlow, supra.* Thus, any easement subsequently granted is subordinate, and the subsequent grantee acquires only the right to use the servient land in a manner consistent with the terms of the prior easement. *Cf. City of Pasadena v. California-Michigan Land & Water Co.*, 17 Cal. (2d) 576, 110 P. (2d) 983 (1941); *Reiver v. Voshell*, 18 Del. Ch. 260, 158 A. 366 (1932); *Butler v. Haley Greystone Corp.*, 352 Mass. 252, 224 N. E. (2d) 683 (1967). Consequently, Coastal Resort Properties, and later Howorka, acquired an easement that was

subordinate to the Association's prior easement and subject to its rights of exclusive control under that easement. That right of exclusive control clearly embraces the right to charge fees for using the portion of Harbor Drive subject to the Association's easement.

Howorka also argues the Declaration cannot affect his easement because his property has never been subject to the Declaration's covenants. This argument is without merit. The Declaration gave the Association an easement not in the Club property, but in a portion of Harbor Drive. It is only essential, therefore, that that portion of Harbor Drive be subject to the Declaration, which was clearly the case.

Howorka also contends he had no notice of any restrictions on his easement when he purchased the Club. The trial judge concluded Howorka had notice of the Association's right to control Harbor Drive because, among other reasons, he had record notice of the Declaration. Since Howorka did not except to that conclusion, it is now the law of this case. *See Roll Form Products, Inc. v. Citizens & Southern National Bank of South Carolina*, 287 S. C. 626, 340 S. E. (2d) 562 (Ct. App. 1986). In any event, it seems clear Howorka had constructive notice of the Declaration, which the Development Company recorded against the burdened property two years before it first conveyed the Club property and the Harbor Drive easement to Coastal Resort Properties. *See Carolina Land Co. v. Bland*, 265 S. C. 98, 217 S. E. (2d) 16 (1975). (The law imputes to a purchaser notice of recitals in any properly recorded instrument forming a link in the chain of title to the property to be acquired). Since Howorka had constructive notice of the Declaration, it follows he had notice of the rights that instrument granted to the Association.

Finally, Howorka asserts the Association is barred by laches from instituting entrance fees in 1984. Laches, however, is an equitable defense which is available only as a bar to affirmative relief. A plaintiff cannot urge laches to bar a right asserted as a defense. *Duck v. Mc-Queen*, 263 Mich. 325, 248 N. W. 637 (1933); *Allen v. Boatwright*, 618 S. W. (2d) 856 (Tex. Civ. App. 1981); *Code v. Seattle Theatre Corp.*, 162 Wash. 379, 298 P. 432 (1931).

Howorka also appeals several other conclusions of the

trial court. Since those conclusions are not essential to our holding, it is not necessary to address Howorka's additional arguments. For the reasons stated above, the order of the circuit court is

Affirmed.

GARDNER, and SHAW, JJ., concur.