THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Paul W. & Dell Germeroth, Brian L. & Martha B. Andersen, Fred & Betsy Angerman, Bill & Paulette Bradford, Patrice & Dana Bruneau, Cynthia Fry, Charles Garrison, David & Reggie Grigg, Walter and Marjorie Guth, Martha Hinson, Larry & Mary Hutchinson, Ken & Jeri Johnson, Brett Lenyszyn, Bill & Beth Lifsey, Tony & Marci Lisee, Gerald & Kay Lynes, Mike McFall, Kirils & Mara Michailovs, Bobby & Jane Page, Steven & Carolyn Parker, George & Judith Pitteklo, Bob & Terry Schavey, Michael & Majorie Senhouse, WIlliam & Evelyn Sparks, Bryan & Jennifer Townson, Jack & Joan Vance, Janis Wilkins, and Denny & Connie Wise, Plaintiffs,
 Of whom Paul W. & Dell Germeroth, Brian L. & Martha B. Andersen, Fred & Betsey Angerman, Ken & Jeri Johnson, Brett Lenyszyn, Bill & Beth Lifsey, Mike McFall, Kirils & Mara Michailovs, Bobby & Jane Page, George & Judith Pittelko, Brian & Jennifer Townson, and Jack & Joan Vance are Appellants,
 v.
 Thomasson Brothers, L.P., a South Carolina Limited Partnership and Carolina Community Care, Inc. d/b/a Hospice & Community Care, Respondent.
 Of Whom Thomasson Brothers, L.P., a South Carolina Limited Partnership is the Respondent.
 
 
 

Appeal From York County
 J. Mark Hayes, II, Circuit Court Judge
Unpublished Opinion No.   2005-UP-203
Heard March 8, 2005  Filed March 18, 2005
AFFIRMED

 
 
 
 Christian Stegmaier, of Columbia; for Appellants.
 Lucy London McDow, of Rock Hill; for Respondent.
 
 
 

 PER CURIAM:   Appellants brought the underlying declaratory judgment action seeking to determine the applicability of restrictive covenants to property purchased by Thomasson Brothers, L.P.  The court granted summary judgment to Carolina Community Care, Inc. d/b/a Hospice & Community Care (Hospice) and Thomasson, and determined the property was not restricted by the covenants.  We affirm.
FACTS
In 1973, PAR Associates purchased a tract of approximately 120 acres of land to be used as a residential subdivision known as Brookwood. In September 1978, PAR recorded a preliminary plat, which showed the subdivision of a portion of the tract into residential lots.  Later that year, covenants were filed, restricting the use of the lots to single family residential use.  The covenants were expressly limited to only a portion of the larger tract as follows:

 All those certain lots or tracts of land lying, being and situate[d] off India Hook Road . . . and being shown and designated as Lots 3 through 52, inclusive as shown on map of Brookwood Subdivision, drawn by Campco Engineering recorded in Plat Book 56 at Page 39 in the Office of the Clerk of Court for York County, South Carolina. 
 

Paragraph 18 of the covenants provided for a possible expansion of the covenants applicability:

 It is understood that grantor may expand the area covered by these Restrictions to a maximum of 121.124 acres presently owned by grantor and as further portions of said property are developed and subdivision plats recorded, then lots as shown on such recorded plats shall be included within the total number of lots as are affected by the provisions of this paragraph.  
 

A final plat was filed in 1979.  It designated several new residential lots, but contained one large unidentified parcel abutting India Hook Road. 
 
The large parcel was sold to Thomasson in 1981.  The deed does not mention the restrictions placed on the residential lots in Brookwood; however, it does contain its own restrictions.  Some of the restrictions in the deed for the large parcel are contradictory to the restrictions placed on the numbered residential lots in the Brookwood subdivision. 
 
Sometime in late 2002 or early 2003, Hospice agreed to purchase a portion of Thomassons property to build and operate a Title 44 hospice facility and administration building.  Appellants, residents of the Brookwood Subdivision, oppose the construction of the facility and instituted this action seeking to restrict the property based upon the restrictive covenants filed for the lots of Brookwood.
 
Thomasson and Hospice filed a motion to dismiss, which was later considered as a motion for summary judgment.  Appellants filed a cross-motion for summary judgment.  The court denied Appellants motion for summary judgment and granted the motions by Hospice and Thomasson.  This appeal followed the trial courts denial of Appellants motion to alter or amend the judgment.  Prior to this courts consideration of the appeal, Hospice entered a settlement with Appellants and has been dismissed from the case by consent of the parties.
STANDARD OF REVIEW
The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder.  Dawkins v. Fields, 354 S.C. 58, 69, 580 S.E.2d 433, 438 (2003); George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  When reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court under Rule 56(c), SCRCP.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Laurens Emergency Med. Specialists v. M.S. Bailey & Sons Bankers, 355 S.C. 104, 108, 584 S.E.2d 375, 377 (2003).  In determining whether any triable issue of fact exists, the evidence and all factual inferences drawn from it must be viewed in a light most favorable to the nonmoving party.  Sauner v. Public Serv. Auth., 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003);  Hendricks v. Clemson Univ., 353 S.C. 449, 455-56, 578 S.E.2d 711, 714 (2003). 
 
LAW / ANALYSIS
I. Mootness
As stated previously, Hospice settled with Appellants during the pendency of this appeal and agreed not to build on the Brookwood site.  Appellants devote much of their brief to the issue of Hospices attorneys disqualification, an issue we now find moot due to Hospices withdrawal from the present appeal.  However, because Thomasson has repeatedly expressed, in word and action, its intention of developing the parcel, we address Appellants other issues. See Curtis v. State, 345 S.C. 557, 568,  549 S.E.2d 591, 596 (2001) ([I]f a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot . . . .).
II. Restrictive Covenants
Appellants contend the trial court erred in finding Thomassons property was not bound by the same restrictive covenants as the residential lots of the Brookwood Subdivision.  We disagree.

 As explained in Taylor v. Lindsey, 332 S.C. 1, 498 S.E.2d 862 (1998):
 
 Restrictive covenants are contractual in nature, so that the paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document.  
 
 The court may not limit a restriction in a deed, nor, on the other hand, 
 will a restriction be enlarged or extended by construction or implication beyond the clear meaning of its terms even to accomplish what it may be thought the parties would have desired had a situation which later developed been foreseen by them at the time when the restriction was written.   It is still the settled rule in this jurisdiction that restrictions as to the use of real estate should be strictly construed and all doubts resolved in favor of free use of the property, subject, however, to the provision that this rule of strict construction should not be applied so as to defeat the plain and obvious purpose of the instrument.  It follows, of course, that where the language of the restrictions is equally capable of two or more different constructions that construction will be adopted which least restricts the use of the property.  A restriction on the use of property must be created in express terms or by plain and unmistakable implication, and all such restrictions are to be strictly construed, with all doubts resolved in favor of the free use of property.  
 
 

Taylor, 332 S.C. at 4-5, 498 S.E.2d at 863-64 (emphasis added)(internal citations omitted).  The same passage was reiterated with emphasis recently by the South Carolina Supreme Court in South Carolina Dept of Natural Res. v. Town of McClellanville, 345 S.C. 617, 622, 550 S.E.2d 299, 302 (2001).
We must first determine whether the language of the Brookwood covenants is ambiguous.  We find the provisions related to the restrictive covenants are clear and capable of construction using the plain and ordinary meaning of the words found therein.  See Heape v. Broxton, 293 S.C. 343, 345, 360 S.E.2d 157, 158 (Ct. App. 1987) (Where the language used in a restrictive covenant is unambiguous, there is no room for construction and the language must be enforced in accordance with its plain meaning.).    
 
The covenants application was initially expressly restricted to the residential lots numbered 3 through 52.  Appellants, however, contend Paragraph 18 of the covenants expands their coverage to include the Thomasson property.  We disagree.
First, we note that the paragraph begins by using the word may in regards to the expansion of the area covered by the restrictive covenants.  There is no indication, and Appellants do not appear to argue, the developers ever created and filed any documents expressly expanding the area restricted to include the Thomasson property.
Second, while the next portion of the paragraph does seem to indicate mandatory expansion of the restrictive covenants, this expansion is limited to further portions of said property [which] are developed and subdivision plats recorded.  Once recorded, only the lots as shown on such recorded plats shall be included within the total number of lots as are affected by the provisions of this paragraph. (Emphasis added). Nothing in the record indicates the Thomasson property, much larger than the residential parcels, was intended to be a lot within the terms of the covenants.  See Davey v. Artistic Builders, Inc., 263 S.C. 431, 211 S.E.2d 235 (1975) (refusing to expand the applicability of restrictive covenants to property on a subdivision plat, but not subdivided into residential lots or assigned a residential lot number).  Accordingly, we find the trial court properly concluded the covenants, by their express terms, do not apply to the Thomasson property.
Even if we were to conclude an ambiguity exists in the paragraphs of the covenant, we are bound by the recent decisions of the South Carolina Supreme Court, which require us to construe the covenants to place the least possible restriction on the fair use of the land. See Town of McClellanville, 345 S.C. at 622, 550 S.E.2d at 302; Taylor, 332 S.C. at 4-5, 498 S.E.2d at 863-64.  Appellants would have us resort to a 1958 Kentucky case for the more modern proposition that building restrictions are regarded more as a protection to the property owner and the public rather than as a restriction on the use of property.  Brandon v. Price, 314 S.W.2d 521, 523 (Ky. 1958).  We decline this interpretation and find the law as expressed in 2001 by our supreme court to be the accurate statement of the law in South Carolina.
Interpreting the covenants pursuant to recent South Carolina case law, we conclude they do not apply to the Thomasson property.  The record does not indicate the parties intended the large tract to be subject to the same restrictions as the lots developed specifically for residential use.  Accordingly, we find the trial court properly granted summary judgment to Thomasson on Appellants claim that the property is bound by the covenants.
III. Implied Reciprocal Negative Easement
Appellants also contend the trial court erred in granting Thomasson summary judgment on Appellants claim for an implied reciprocal negative easement.  We disagree.
The South Carolina Supreme Court established the elements necessary to show an implied reciprocal negative easement as follows:

 Ordinarily, four elements must be established to show a reciprocal negative easement:
 (1) There must be a common grantor; (2) There must be a designation of the land or tract subject to restrictions; (3) There must be a general plan or scheme of restriction in existence for the designated land or tract; and (4) The restrictive covenants must run with the land.  
 
 If the above elements are satisfied, the restrictions are enforceable against the grantor and subsequent grantees of lots in the restricted area who take with actual or constructive notice of the restrictions.   
 

Bomar v. Echols, 270 S.C. 676, 679-80, 244 S.E.2d 308, 310 (1978).
In the instant case, the Thomasson property was not part of the general plan or scheme of restriction.  The parcel is much larger than the residential tracts and not subdivided or assigned a lot number.  If the grantor intended the Thomasson property to be included under the Brookwood Covenants, the deed for the Thomasson Property would not have contained its own set of restrictive covenants, some of which conflict with the provisions in the Brookwood Covenants.
 
As has previously been found by courts of this State, and was specifically noted by the trial court, grantors have a right to place restrictions on part of the property without restricting the remainder.  See Dunlap v. Beatty, 239 S.C. 196, 207, 122 S.E.2d 9, 15 (1961) (finding, under circumstance of the case, grantor had a right to impose restrictions on a portion of her property without creating any obligation to restrict the remainder.).  Under the circumstances of this case, we find PAR Associates never intended the Thomasson property to be included under the residential restrictions and, therefore, had the right to provide a different set of restrictive covenants for that portion of its property.  Accordingly, we find the trial court properly granted summary judgment to Thomasson on Appellants claims for an implied reciprocal negative easement.
CONCLUSION
We conclude the trial court properly granted summary judgment to Thomasson regarding Appellants claims for enforcement of the Brookwood subdivision restrictive covenants and the imposition of an implied reciprocal negative easement on the Thomasson property.  Accordingly, the decision of the trial court is
 
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.