**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Palmetto Air Plantation Homeowners Association, Inc., Respondent,

v.

Kim E. Bevier, Appellant.

Appellate Case No. 2019-000516

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

Unpublished Opinion No. 2022-UP-361
Heard February 9, 2022 – Filed September 21, 2022

**AFFIRMED**

Thomas E. Player, Jr., of Player & McMillan, LLC, of Sumter, for Appellant.

Steven Smith McKenzie, of Coffey & McKenzie, PA, of Manning, for Respondent.

**PER CURIAM:** In this civil action, Kim E. Bevier appeals the circuit court's grant of partial summary judgment in favor of Palmetto Air Plantation Homeowners Association, Inc. (Palmetto Air). Bevier argues the circuit court

erred in finding his property was subject to the Palmetto Air subdivision restrictive covenants.  We affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises out of an action by Palmetto Air seeking enforcement of restrictive covenants against Bevier.  The parties have stipulated to the following facts.  On July 11, 2001, Mid-Eastern Truckwash Inc. (Mid-Eastern) filed a declaration of covenants, conditions, and restrictions (the Declaration of Covenants) with the Clarendon County Register of Deeds office for the as-yet-to-be developed Palmetto Air subdivision.[1]  Thereafter, on October 9, 2001, Mid-Eastern conveyed the land comprising the Palmetto Air subdivision to Palmetto Air; the deed contained covenants of general warranty but did not reference the Declaration of Covenants.  Subsequently, Palmetto Air mortgaged the subdivision property to Edward G. Gibbons in February 2002; the mortgage included covenants of general warranty without reference to the Declaration of Covenants.  The Palmetto Air subdivision plat was recorded on September 19, 2003.

The parties also stipulated Bevier contracted to purchase two lots in the Palmetto Air subdivision in May 2003, which Palmetto Air conveyed to Bevier by general warranty deed on September 26, 2003, without reference to any restrictive covenants.[2]  Prior to purchasing the lots, Bevier spoke with an attorney who sent a letter to him referencing his consideration of the Palmetto Air restrictive covenants.  The contract of sale contained a provision stating the conveyance was subject to the Declaration of Covenants.  Both the preliminary and final title certificates for Bevier's two lots indicated the lots were subject to the Declaration of Covenants.

Palmetto Air filed a summons and complaint in April 2017, as amended in June 2017, alleging Bevier violated several sections of the Declaration of Covenants.  In his amended answer, Bevier denied his lots were subject to the Declaration of Covenants.  At his April 2018 deposition, Bevier stated he was aware of the restrictive covenants when he purchased his lots.  He explained his intention in

---

[1] The Palmetto Air subdivision was developed as a community for "aviation enthusiasts" and was built around an airstrip.  The Declaration of Covenants allowed for each lot adjoining the taxiway right-of-way to construct a hangar for the storage of private aircraft.

[2] The parties did not provide this court with a copy of any other deed conveying property in the Palmetto Air subdivision.

purchasing them was to live on an airport. Thereafter, Palmetto Air moved for partial summary judgment on the issue of whether, as a matter of law, the absence of reference to restrictive covenants in Bevier's deed made the Declaration of Covenants unenforceable against Bevier. The parties agreed that Palmetto Air's motion for partial summary judgment would be heard without oral argument. The circuit court granted partial summary judgment in favor of Palmetto Air, finding the Declaration of Covenants was enforceable against Bevier. Specifically, the circuit court determined the restrictive covenants were created when Mid-Eastern executed and recorded the Declaration of Covenants. It further determined Bevier had actual and constructive knowledge of the Declaration of Covenants. Bevier filed a Rule 59(e), SCRCP motion to reconsider, which the circuit court denied.

## ISSUE ON APPEAL

Did the circuit court err in holding Bevier's property was subject to the Declaration of Covenants when the restrictive covenants were never referenced in a conveyance deed or other severance of title?

## STANDARD OF REVIEW

"When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court." *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006). "Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Id.* "In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party." *Id.*; *see also* Rule 56(c), SCRCP. "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *J.K. Constr., Inc. v. W. Carolina Reg'l Sewer Auth.*, 336 S.C. 162, 166, 519 S.E.2d 561, 563 (1999). "In such cases, the appellate court owes no particular deference to the trial court's legal conclusions." *Id.*

## LAW AND ANALYSIS

Bevier argues restrictive covenants are servitudes of the property encumbered in favor of the property benefited thereby; and thus, until there is separation of some portion of the property accompanied by the imposition of covenants, no dominant and servient estates exist and the owner is capable of conveying fee simple title unencumbered. He contends that notwithstanding the recordation of the Declaration of Covenants, as long as all the property described therein was under

the same ownership, the property was unencumbered. Therefore, the restrictive covenants were never created because they were not referenced in a severance of title. We disagree.

We hold the circuit court did not err in granting partial summary judgment in favor of Palmetto Air. Viewing the facts in the light most favorable to Bevier, we conclude there is no genuine issue of material fact concerning whether the Declaration of Covenants was enforceable against Bevier. First, we find the filing and recording of the Declaration of Covenants created the restrictive covenants. *See Smith v. Comm'rs of Pub. Works of City of Charleston*, 312 S.C. 460, 466, 441 S.E.2d 331, 335 (Ct. App. 1994) ("Restrictive covenants are commonly created by a declaration of restrictive covenants, which is executed and recorded in the same manner as a deed."); *see also* 17 S.C. Jur. *Covenants* § 60 (2022) ("The most common means of creating restrictive covenants are by deed, declaration, and by implication from a general plan or scheme of development."). The fact the Declaration of Covenants was not referenced in a deed within Bevier's chain of title had no impact on the validity of the creation of the restrictive covenants. *See* 17 S.C. Jur. Covenants § 63 (2022) ("Where a grantor recorded an agreement containing restrictions and a plat of a residential subdivision, and later executed deeds that did not contain the restrictions, the court ruled that the failure to mention the restrictions in the deeds was of no legal significance since the restrictions were of record." (citing *Flinkingshelt v. Johnson*, 258 S.C. 77, 81, 187 S.E.2d 233, 235 (1972) (stating it "[wa]s of no legal significance whether the restrictions were mentioned in a deed or not [when] they were of record[] and known to most purchasers"))); *cf. Davey v. Artistic Builders, Inc.*, 263 S.C. 431, 436, 211 S.E.2d 235, 236 (1975) (finding acreage not referenced in a subdivision plat was not subject to the recorded declaration of covenants imposing restrictive covenants on the subdivision).

Second, we find the parties intended Bevier to be subject to the Declaration of Covenants when Bevier possessed both actual and constructive notice of the restrictive covenants at the time he purchased his lots. *See Harbison Cmty. Ass'n, Inc. v. Mueller,* 319 S.C. 99, 103, 459 S.E.2d 860, 863 (Ct. App. 1995) ("A covenant is enforceable against a subsequent grantee, even if not in the grantee's deed, if the grantee has actual or constructive notice of the covenant."); *Maxwell v. Smith*, 228 S.C. 182, 197, 89 S.E.2d 280, 287 (1955) ("The subdivision and development . . . was pursuant to a general scheme of improvement intended to insure the use of the property as an attractive residential area. In furtherance of this purpose [the grantor] imposed upon the area certain specific restrictions and conditions, including a covenant that nothing should be done on any lot 'which

shall be or become an annoyance or nuisance to the neighborhood'. By their purchases within the subdivision, the [grantees] became parties to the restrictive covenants, and among them and the [grantor] the[r]e arose mutuality of covenant and consideration."). Bevier's discussion of the restrictive covenants with an attorney prior to his purchase of the lots; the inclusion of the Declaration of Covenants in both the preliminary and final title certificates; the provision in Bevier's contract of sale noting the conveyance was subject to the Declaration of Covenants; and, Bevier's admission during his deposition that he was aware of the restrictive covenants when he bought his lots—and stated intent of purchasing property in the Palmetto Air subdivision to live on an airport—establish Bevier had actual notice of the restrictive covenants. Moreover, Bevier had constructive notice of the restrictive covenants because the Declaration of Covenants was properly recorded within his chain of title when Mid-Eastern filed and recorded it with the Clarendon County Register of Deeds office before it conveyed the land to Palmetto Air. *See Harbison Cmty. Ass'n*, 319 S.C. at 103, 459 S.E.2d at 863 ("A homeowner is charged with constructive notice of any restriction properly recorded within the chain of title."); *Howorka v. Harbor Island Owners' Ass'n*, 292 S.C. 381, 386, 356 S.E.2d 433, 436 (Ct. App. 1987) (finding homeowner had constructive notice of a declaration of covenants by virtue of its recordation against the burdened property). Accordingly, we conclude the parties intended Bevier to be bound by the restrictive covenants when Bevier had actual and constructive notice of the Declaration of Covenants at the time he purchased property in the Palmetto Air subdivision.

Based on the foregoing, we hold the Declaration of Covenants is enforceable against Bevier even though no deed in Bevier's chain of title referenced restrictive covenants. Accordingly, the circuit court's grant of partial summary judgment in favor of Palmetto Air is

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**