**LAKE ST. LOUIS COMMUNITY ASSOCIATION, Plaintiff-Respondent,**

v.

**William S. LEIDY and T.C. Leidy, Defendants-Appellants.**

No. 47661.

Missouri Court of Appeals, Eastern District, Division Four.

June 5, 1984.

Rollin J. Moerschel, Hannegan, Knight, Stokes, Moerschel, Schoenberg & Weber, P.C., St. Charles, for defendants-appellants.

Ellsworth Cundiff, Jr., Cundiff, Turken & Londoff, St. Charles, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Plaintiff Lake St. Louis Community Association sought to enjoin William and T.C. Leidy from violating recorded covenants and restrictions by parking their recreational vehicle outside their residence rather than storing it inside an approved structure. The trial court granted the injunction and defendants appeal. We reverse.

The sole issue on appeal is whether the Leidys' vehicle is within the scope of the restrictive covenant which the Association seeks to enforce. Article X, Section 1, sub-

paragraph (h) of the applicable restriction states as follows:

No trucks or commercial vehicles, boats, house trailers, boat trailers, and trailers of every other description shall be permitted to be parked or to be stored on any Lot unless they are parked or stored in an enclosed garage or in such other enclosure approved by the Architectural Control Committee, except only during periods of approved construction on the Lot. This prohibition of parking shall not apply to temporary parking of trucks and commercial vehicles, such as for pickup, delivery, and other commercial services.

The defendants' vehicle is an eighteen-foot long Ford Holiday Ramblette Mini Motor Home. It is registered as a "recreational vehicle" defined in § 301.010(26), RSMo Supp.1983, with a "recreational vehicle" license plate. It is a single-axle vehicle with dual wheels on the rear axle. From the exhibits the vehicle appears to be a van customized as a motor home. There is no separation between the driver's compartment and the rear of the vehicle which is fitted with full kitchen and bathroom facilities and sleeping accommodations. The evidence was that the Ford Motor Company sold a bodiless cab and chassis to a company which added the camper shell and equipment.

■ Plaintiff initially claimed the vehicle was a truck, and, if not exactly a truck, then it was "in a broad category of vehicles described generally in subparagraph (h)." In findings of fact and conclusions of law, the trial court did not attempt to characterize the vehicle with specificity, finding merely that it "was of a type which is prohibited" by the restrictive covenant. Such a generalization is in derogation of the basic concepts underlying judicial construction of restrictive covenants:

1. The terms used will be given their ordinary and popular meaning and if the language is plain, no construction is necessary.

2. When the meaning of the terms is open to construction, they will be strictly construed.

3. The restrictions will not be extended by implication.

4. Any reasonable doubt will be resolved in favor of free use of land. *Phillips v. Schwartz,* 607 S.W.2d 203, 207 (Mo.App.1980); *Feely v. Birenbaum,* 554 S.W.2d 432, 435 (Mo.App.1977); *Brasher v. Grove,* 551 S.W.2d 302, 303 (Mo.App.1977); *See* 10 Mo.Dig.2d *Covenants,* § 49, 700–708 (1984).

At trial plaintiff's efforts to establish that the vehicle was a truck met with failure. Its own witness, Douglas Storie, an employee of the State Highway Patrol weight station, testified that whether or not the vehicle was a truck was dependent upon its interior modifications. If designed to haul freight or cargo, it is a truck. If designed to haul people, it is not. His testimony was consistent with the statutory definition, § 301.010(34), RSMo Supp. 1982: " '*Truck* ', a motor vehicle designed, used or maintained for the transportation of property." Storie further testified that even if the vehicle had been originally manufactured as a truck, subsequent interior modifications for passenger rather than freight transportation would remove it from that category.

On appeal plaintiff argues that the finding of the trial court that the vehicle is of a type prohibited by the restriction is consistent with the principle that construction of restrictive covenants should not defeat the plain purpose of the restriction. *Brasher v. Grove,* 551 S.W.2d at 303. Although we see little room for the application of this principle since the words of the covenant are plain and unambiguous, we will nevertheless address plaintiff's contention. The purpose of the restrictive covenant, plaintiff argues, is to protect property values by maintaining an aesthetic environment; the parking of large, heavy vehicles within the community detracts from this purpose. Plaintiff relies upon *Fairwood Greens Homeowners Association v. Young,* 26 Wash.App. 758, 614 P.2d 219 (1980). In

that case a restrictive covenant prohibited the parking of vehicles, including busses, trucks, and trailers of any description, weighing in excess of 6,000 pounds. The trial court held the restriction inapplicable to a motor home. The Washington Court of Appeals disagreed and held that the obvious purpose of the restriction was to prohibit 6,000 pound vehicles of any kind, not just those enumerated.

Rather than supportive, we find *Fairwood Greens* to be destructive of plaintiff's position. If the intent and purpose of the covenant is to limit the size of vehicles, it would have been a simple matter to specify the weight or dimensional maximums permitted. Rather, the covenant is directed to the use to which vehicles may be put. Parking of a sub-compact pickup truck or a mini-van with a commercial decal would violate the restrictions just as much as an eighteen-wheel tractor trailer. It clearly does not focus upon the size of the vehicle. Carried to its logical conclusion, plaintiff's argument would prohibit the parking of any vehicle larger than a conventional automobile which offended the aesthetic sensibilities of the managers or directors of the Association. Such unfettered discretionary power is entirely too broad. Prospective purchasers of property in the community as well as property owners planning to purchase vehicles are entitled to know what they will and what they will not be permitted to park on their lots. Nothing in the language of the restrictive covenant is calculated to put the reader upon notice that it might be applied to a vehicle classified by the State of Missouri as a "recreational vehicle."

The trial court's finding that a recreational vehicle was "of a type which is prohibited" clearly constitutes an extension by implication of the restriction. It is a broad, rather than a strict, interpretation of the language used. It is a resolution of doubt adverse to the free use of land. Accordingly, we are constrained to hold that the trial court misapplied the law. Under the mandate of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), the judg-

ment of the trial court is reversed and the injunction is dissolved.

SMITH and STEPHAN, JJ., concur.