0930

MIDWAY PROPERTIES, INC., Respondent v. Phillip W. PFISTER
and Patricia S. Pfister, Appellants.

(354 S. E. (2d) 926)

Court of Appeals

*Tom W. Dunaway, III*, Anderson, *for appellants.*

*Michael D. Glenn*, Anderson, *for respondent.*

Submitted Feb. 17, 1987.

Decided April 6, 1987.

SHAW, Judge:

Respondent, Midway Properties, Inc., brought this action seeking a declaratory judgment that a satellite dish erected by the appellants, Phillip W. and Patricia S. Pfister, violates applicable restrictive covenants. Midway also sought an injunction requiring the Pfisters to remove the dish. The Pfisters appeal from a circuit court order in favor of Midway. We affirm.

The Pfisters live in a residential area subject to certain restrictive covenants. These covenants, in part, provide:

A. No *building* shall be erected or placed on any lot until the construction plans and specifications and a plan showing the location of the *structure* have been approved by the Developer as to quality of workmanship

and materials, harmony of external design with existing structures and as to location with respect to topography and finish grade elevation.

. . . . .

C. No fence, wall or barrier shall be erected, placed or altered on any lot unless similarly approved by the Architectural Committee. (Emphasis added).

The Pfisters installed a satellite dish antenna on their lot without the approval of the Architectural Committee. They refused Midway's demand to remove the dish and this suit ensued. The trial judge, finding the purpose of the covenants is to place all construction under the Architectural Committee's control, ordered the Pfisters to remove the dish.

The Pfisters argue the trial judge erred in failing to construe the covenants strictly against Midway. We disagree.

The general rule of strict construction of restrictions on the use of real estate is not applicable if it will defeat the plain and obvious purpose of the restrictions. *Davey v. Artistic Builders, Inc.*, 263 S. C. 431, 211 S. E. (2d) 235 (1975).

The soundness of this rule is apparent from the facts of this case. To require a set of restrictions to expressly list every conceivable item which could be placed on a piece of property, according to the individual property owner's taste, would be an impossible burden on the drafter.

We agree with the trial judge that the instrument, read as a whole, evidences a plain intent to place all construction under the control of the Architectural Committee. Therefore, the trial judge did not err in failing to strictly construe the restrictions against Midway.

The Pfisters also argue the balance of equities should protect them from the injunction. We disagree. The balance of equities favors the enforcement of restrictions a property owner has freely placed himself under because the other property owners in the restricted area have relied on the restrictions in purchasing their property. Finally, we hold all other assignments of error are man-

ifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1985).

Affirmed.

GARDNER and BELL, JJ., concur.