[No. 25589–4–I.   Division One.   April 8, 1991.]

WILBUR E. KREIN, ET AL, *Respondents,* v. HUGH
SMITH, ET AL, *Appellants.*

*Alan L. Froelich,* for appellants.

*Robert E. Beaty,* for respondents.

KENNEDY, J.—Appellants Hugh Smith and Rosita Smith, husband and wife, appeal the trial court's order granting an injunction which prohibits them from parking their "motor

home" in their driveway or on the street. Specifically, appellants contend that the court incorrectly interpreted the meaning of the words "campers, vacation trailers, and so on" in the restrictive covenant which governs appellants' residence. After consideration of the restrictive covenant at issue, we affirm the trial court's order.

## I

Appellants and respondents reside in a single family development in Whatcom County, Washington, which is subject to restrictive covenants signed and recorded on October 26, 1972. Appellants admit the validity of the covenants with respect to their property. Paragraph 6 of these mutual covenants states in pertinent part that "[b]oats, campers, vacation trailers, and so on must be housed in a garage or carport."

Appellants purchased a 23–foot self–propelled motor home in 1984. The appellants primarily use the motor home for rental income. When the motor home is not being rented, it is usually parked in the appellants' driveway or on the street adjacent to their house.

Shortly after appellants' purchase of the motor home, respondents requested that the appellants park it in another location since it might be in violation of the restrictive covenants governing the subdivision. Appellants declined. Respondents brought an action in Whatcom County Superior Court seeking injunctive relief against appellants alleging that the appellants were violating restriction 6 in the mutual covenants by parking their motor home in open view. The court granted injunctive relief to respondents, determining that appellants' motor home was included in the definition of "campers, vacation trailers, and so on" which are restricted by the relevant covenant.

## II

Appellant challenges the trial court's conclusion of law which states in pertinent part that the restrictive covenant applies to all general recreational vehicles and that

the Smiths' motor home does fall within the general class intended to be restricted by the Ridgemont Restrictive Covenants in the general phrase "campers, vacation trailers, and so on."

█ Appellants claims that their motor home is not a camper and not a trailer, and that the phrase "and so on" does not expand the previous phrase "boats, campers, vacation trailers".

> Analytically, what meaning is attached to a word or other symbol by one or more people is a question of fact. But general usage as to the meaning of words in the English language is commonly a proper subject for judicial notice without the aid of evidence extrinsic to the writing. Historically, moreover, partly perhaps because of the fact that jurors were often illiterate, questions of interpretation of written documents have been treated as questions of law in the sense that they are decided by the trial judge rather than by the jury. Likewise, since an appellate court is commonly in as good a position to decide such questions as the trial judge, they have been treated as questions of law for purposes of appellate review.

Restatement (Second) of Contracts § 212, comment *d* (1981).

█ A question of law is freely reviewable by an appellate court. *Barnett v. Buchan Baking Co.*, 45 Wn. App. 152, 156, 724 P.2d 1077 (1986), *aff'd*, 108 Wn.2d 405, 738 P.2d 1056 (1987). Therefore, this court is to determine whether the phrase "campers, vacation trailers, and so on" in the restrictive covenants governing the subdivision at issue includes a 23–foot self–propelled motor home.

██ The "ordinary and common use" of a word is to be employed in determining its meaning in a restrictive covenant. *See Burton v. Douglas Cy.*, 65 Wn.2d 619, 622, 399 P.2d 68 (1965). The common usage of the word "camper" at the time these restrictive covenants were drafted included vehicles of the type at issue in the present case.

The restrictive covenants were drafted in 1972. *Funk & Wagnall's* 1973 dictionary defines a "camper" as "[a] vehicle affording shelter and usually sleeping accommodations for travelers and campers." *Webster's New World Dictionary* (1970) and *Webster's New World Dictionary* (1978)

both define a "camper" as "[a]ny of various motor vehicles or trailers equipped for camping out." These definitions describe the Smiths' motor home since it affords shelter and sleeping accommodations for travelers and it is a motor vehicle which is equipped for camping. We conclude that the class of vehicles encompassed by the words "campers, vacation trailers, and so on" includes appellants' motor home.

■ Even if the meaning of the words were doubtful as urged by appellants, the intent of the parties to restrict appellants' motor home is readily apparent from the document as a whole and supports the trial court's construction of the covenant as prohibiting the parking of appellants' motor home in their driveway or on the street. *See Hagemann v. Worth,* 56 Wn. App. 85, 91, 782 P.2d 1072 (1989); *Fairwood Greens Homeowners Ass'n, Inc. v. Young,* 26 Wn. App. 758, 761, 614 P.2d 219 (1980) (if the meaning of the covenant words is doubtful, the restrictive instrument will be considered in its entirety). The restrictive covenants governing the subdivision indicate an intent to maintain a uniformity of appearance in the subdivision, to prevent the blockage of views and to control unwanted uses. Paragraph 6 restricts noxious uses, commercial uses, annoying uses, nuisances, tools, unused automobiles and machinery from view as well as "boats, campers, vacation trailers, and so on." It would be strange indeed for the parties to have intended to restrict the display of almost every bulky object within the subdivision without intending to restrict motor homes.[1]

In conclusion, the trial court's determination that the restrictive covenant language at issue restricts the parking

---

[1]This interpretation of the covenant is supported by the evidence at trial as reflected in the trial court's findings that residents of the subdivision have to a "remarkable extent" complied with the restrictive covenants with respect to the placement of boats, campers, trailers and motor homes of various descriptions.

of appellants' motor home in the street or driveway is correct. The injunction of the trial court is affirmed.

COLEMAN and PEKELIS, JJ., concur.

Review denied at 117 Wn.2d 1002 (1991).