868 P.2d 1030

**ARIZONA BILTMORE ESTATES ASSO-CIATION, a non-profit Arizona corporation, Plaintiff–Appellant,**

v.

**Robert and Nancy TEZAK, husband and wife, Defendants–Appellees.**

No. 1 CA–CV 92–0188.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 18, 1993.

As Corrected Nov. 19, 1993.

Reconsideration Denied Feb. 14, 1994.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A., by Donald E. Dyekman, Christopher Robbins, Phoenix, for plaintiff-appellant.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Michael P. West and Donna M. Somsky, Phoenix, for defendants-appellees.

OPINION

CONTRERAS, Judge.

Plaintiff–Appellant Arizona Biltmore Estates Association ("Association") appeals

from a cross-motion for summary judgment granted in favor of Defendants–Appellees Robert and Nancy Tezak ("Tezak"), denying the Association's request for an injunction prohibiting the Tezaks from parking a large customized bus on their residential property. The dispositive issue presented is whether this customized bus was subject to deed restrictions and violated a provision therein prohibiting the parking of a "trailer, camper, boat, or similar equipment" on the property without prior approval of the Association. We conclude that the cited portion of the deed restrictions do prohibit parking the customized bus on the premises and therefore reverse the trial court's judgment.

## FACTS

The Tezaks own a home situated on a lot in the Arizona Biltmore Estates subdivision. The property is subject to restrictive covenants which were recorded on February 5, 1976. The Tezaks admit that their real property is subject to the restrictive covenants.

In approximately September of 1989, the Tezaks began parking a large vehicle weighing more than 29,000 pounds at the back of their residential property. The vehicle's outward appearance resembles that of a commercial bus. The Tezaks refer to the vehicle as their "motor coach" or "customized bus." We will refer to it as a "bus." The bus is registered to "UNO Products, Inc., Robert J. Tezak" and is described on its vehicle registration form as a "recreational vehicle" with a "motor home" body style. The bus is a self-propelled vehicle. It has no sleeping accommodations and is not equipped to serve as a mobile dwelling.

The Tezaks use the bus to travel to some of their businesses such as their radio station in Yuma, Arizona. They also use it to transport friends and clients to restaurants and sporting events. The bus is equipped with a fax machine and telephones with which Mr. Tezak stays in contact with his businesses. Mr. Tezak denies conducting a commercial enterprise out of the bus and avows that it

serves no business or commercial function while parked on the residential property.

When the Association learned that the bus was being kept on the property, it sought the Tezaks' cooperation in having it removed. Because the Association and the Tezaks were unsuccessful in resolving the problem, the Association filed this civil action, requesting an injunction from the Maricopa County Superior Court requiring the Tezaks to remove the vehicle from the property. On motion and cross-motion for summary judgment, the trial court refused to grant the Association's requested injunction and granted the Tezaks cross-motion for summary judgment. The Association appealed.

## DISCUSSION

We first consider whether the trial court erred in concluding that the provision which restricts the parking of certain enumerated mobile recreational and utility conveyances [1] ("conveyances") on the property does not apply to the Tezaks' bus. The deed restrictions in this case constitute a covenant running with the land and form a contract between the subdivision's property owners as a whole and the individual lot owners. *See Divizio v. Kewin Enterprises, Inc.*, 136 Ariz. 476, 481, 666 P.2d 1085, 1090 (App.1983). The interpretation of a contract is a matter of law and not a question of fact. *Id.* at 480, 666 P.2d at 1089. As a result, the Court of Appeals is not bound by conclusions of law reached by the trial court. *City of Scottsdale v. Thomas*, 156 Ariz. 551, 552, 753 P.2d 1207, 1208 (App.1988).

Article XI, Section 6, of the deed restrictions provides in relevant part:

> No *trailer, camper, boat or similar equipment shall hereafter be permitted to remain upon any part of the Covered Property,* unless placed or maintained in a manner approved by the Architectural Committee pursuant to Article VI hereof entitled "Architectural and Landscaping Control," nor permitted to be parked other than temporarily, on any street, alley, or

---

1. The term "mobile recreational and utility conveyances" along with "conveyances" is used by this court as an all inclusive reference to "...

trailer, camper, boat or similar equipment ..." contained in the deed restrictions.

common area within the Covered Property. . . .

(Emphasis added.) We note that the provision does not necessarily ban the placement of all enumerated conveyances on the property; it only bans from the property the enumerated conveyances which have not been approved by the Architectural Committee for placement in a particular manner. No such approval for the Tezaks' bus has been given in this case. The only argument the Tezaks presented to the trial court on this issue in opposition to the Association's request for injunction, though, was that their bus did not fall within the types of conveyances restricted by this provision. Therefore, we confine ourselves to that argument.

The Association makes no contention that the Tezaks' vehicle falls within the definition of any of the conveyances specifically enumerated in this provision of the deed restrictions. It acknowledges that the customized bus is not a "trailer" or a "camper" and is certainly not a "boat." It urges us to find, though, that this self-propelled recreational vehicle falls within the general phrase "or similar equipment." It argues that the trial court wrongfully applied strict construction in interpreting this phrase which subordinated the intent of the parties who drafted the deed restrictions.

■ Under the rule of *ejusdem generis,* general language must be confined in its meaning by the specific enumeration which precedes it unless an intention to the contrary is clearly shown. *Smith v. Second Church of Christ, Scientist,* 87 Ariz. 400, 406, 351 P.2d 1104, 1107 (1960). The Tezaks point out that both "trailer" and "camper" usually have temporary living arrangements. Because their bus has no temporary living arrangements, they contend that it is not within the group of enumerated conveyances. Alternatively, they argue that it is unclear from the language used what other types of conveyances fall within the phrase "or other similar equipment" and therefore that strict construction should be applied. As the Arizona Supreme Court has said:

"Restrictive covenants are to be strictly construed against persons seeking to enforce them and any ambiguities or doubts as to their effect should be resolved in favor of the free use and enjoyment of the property and against restrictions."

*Duffy v. Sunburst Farms East Mutual Water & Agricultural Co., Inc.,* 124 Ariz. 413, 417, 604 P.2d 1124, 1128 (1980) (quoting *Grossman v. Hatley,* 21 Ariz.App. 581, 583, 522 P.2d 46, 48 (1974)) (citations omitted).

It is clear to us that conveyances, including vehicles falling within the phrase "or other similar equipment," would not necessarily have to have temporary living arrangements. If that were a requirement, we would be forced to falsely conclude that boats, more often than not, contain temporary living quarters. Under the proposition advanced by the Tezaks, "boats" should never have been placed within the enumerated conveyances. We refuse to follow this line of reasoning because it would lead us to an implausible result. We now turn to the more difficult question of whether it was proper for the trial court to apply strict construction in this instance.

■ Although strict construction is required in some circumstances, we also are aware that the cardinal principle in construing restrictive covenants is that the intention of the parties to the instrument is paramount. *See Riley v. Stoves,* 22 Ariz.App. 223, 225–26, 526 P.2d 747, 749–50 (1974) (citing 20 Am.Jur.2d, Covenants, § 5, p. 579). To determine this intent, we construe the document as a whole. *Newmont Exploration Ltd. v. Siskon Corp.,* 125 Ariz. 267, 609 P.2d 82 (App.1980). While it is true that courts should not give a covenant a broader than intended application, *see Riverchase Homeowners' Protective Association, Inc. v. City of Hoover,* 531 So.2d 645 (Ala.1988), it is well settled that a covenant should not be read in such a way that defeats the plain and obvious meaning of the restriction. *Lanioreux v. Langlotz,* 757 P.2d 584 (Alas.1988); *Bass v. Helseth,* 116 Cal.App.2d 75, 253 P.2d 525, 529 (1953); *Norwood–Norland Homeowners' Association v. Dade County,* 511 So.2d 1009 (Fla.App.1987) *review denied* 520 So.2d 585 (1985); *Lake Barrington Shore Condominium Tenants Homeowners' Association v. May,* 196 Ill.App.3d 280, 143 Ill.

Dec. 107, 553 N.E.2d 814 (1987); *Simcox v. Obertz,* 791 S.W.2d 440 (Mo.App.1990); *Wilcox v. Timberon Protective Association,* 111 N.M. 478, 806 P.2d 1068 (App.1990) *cert. denied,* 111 N.M. 529, 807 P.2d 227; *Midway Properties, Inc. v. Pfister,* 292 S.C. 104, 354 S.E.2d 926 (App.1987).

■ We note that the recitals to the Declaration of Covenants, Conditions and Restrictions for the Arizona Biltmore Estates provide that the covenants, conditions and restrictions were established "for the purpose of enhancing and protecting the value, desirability and attractiveness of the Covered Property and enhancing the quality of life within the Village." The provision which restricts the parking of a "trailer, camper, boat or similar equipment" is in addition to eleven other provisions restricting other uses of the property which would be unsightly or annoying. When we consider the language used in the provision restricting the parking of various conveyances including vehicles in conjunction with these other portions of the covenants, conditions and restrictions, it becomes obvious to us that the parties intended to restrict the display of large, bulky, nonstandard conveyances. While the wording of the provision might make it difficult to determine in some instances whether a particular vehicle is to be included, there can be no doubt that this very large bus belonging to the Tezaks falls within the types of conveyances the drafters intended to restrict.

The Washington Court of Appeals reached this conclusion under similar facts in *Krein v. Smith,* 60 Wash.App. 809, 807 P.2d 906 (1991). In that case a deed restriction provided that "[b]oats, campers, vacation trailers, and so on must be housed in a garage or carport." *Id.* The court determined that a motor home was included within the language of the restriction. Although the court concluded that this vehicle came within the definition of the specifically enumerated word "camper," it independently held that construing the document as a whole revealed that the parties intended to restrict the display of

bulky objects such as the motor home. *Id.,* 807 P.2d at 907–08.

The Tezaks urge us instead to follow the approach taken by the Missouri Court of Appeals in *Lake St. Louis Community Association v. Leidy,* 672 S.W.2d 381 (Mo.App. 1984). In that case the applicable restriction stated that "[n]o trucks or commercial vehicles, boats, house trailers, boat trailers, and trailers of every other description shall be permitted to be parked or to be stored on any Lot ..." *Id.* at 382. The Missouri court declined to hold that a mini-motor home fell within the provision. It rejected an argument that the restrictive covenant was aimed at restricting the parking of all large, heavy vehicles within the community, stating that if the intent and purpose of the covenant was to limit the size of vehicles, it would have been a simple matter to specify the weight or dimensional maximums permitted. *Id.* at 383.

We find important distinctions between the facts of this case and the facts in *Leidy.* The general language used in the provision that is before us is much broader than the general language of the provision found in *Leidy.* In *Leidy,* the only vehicles to be considered besides the specifically enumerated vehicles were "trailers of every other description." In this case, though, the phrase "or similar equipment" is not as limiting. Moreover, we reject the notion that size is the only thing the parties intended to restrict in this case.

For the reasons explained herein, we conclude that the Tezaks' customized bus is subject to the above-mentioned restrictive covenant. The trial court erred in failing to grant the Association an injunction to have the vehicle removed from the property. In view of our conclusion, it is unnecessary for us to determine whether the restriction on commercial use of the property would be an additional basis for granting this same relief.[2]

### ATTORNEY'S FEES

The Association requests that it be awarded reasonable attorney's fees incurred both at the trial level and on appeal pursuant to

---

2. A second issue presented was whether the Tezaks' bus was subject to a restrictive covenant that forbids the direct or indirect use of covered property for any business or other non-residential purpose.

A.R.S. section 12–341.01. In the exercise of our discretion, we grant the Association's request for attorney's fees incurred at the trial level and on appeal in an amount to be determined after its compliance with Rule 21(c) of the Arizona Rules of Civil Appellate Procedure.

### CONCLUSION

Because we conclude that the Tezaks' customized bus falls within the covenant restricting the parking of a "trailer, camper, boat or similar equipment," we reverse the trial court's grant of summary judgment dismissing the complaint and vacate its award of attorney's fees to the Tezaks. We remand this matter to the trial court for entry of summary judgment for the Association, granting its request for an injunction to require the Tezaks to remove the bus from the property where it is parked in violation of the above-mentioned restrictive covenant.

JACOBSON, P.J., and LANKFORD, J., concur.