NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

COMANCHE HEIGHTS HOMEOWNERS ASSOCIATION, an Arizona
non-profit corporation, *Plaintiff/Appellee*,

*v.*

MONTE D. POLLARD, a married man, *Defendant/Appellant*.

No. 1 CA-CV 15-0031
FILED 4-21-2016

Appeal from the Superior Court in Maricopa County
No. CV2012-016280
The Honorable James T. Blomo, Judge

**AFFIRMED**

COUNSEL

The Travis Law Firm, PLC, Phoenix
By Chandler W. Travis
*Counsel for Plaintiff/Appellee*

Law Offices of J. Roger Wood, PLLC, Tempe
By James Roger Wood and Erin S. Iungerich
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**J O N E S**, Judge:

**¶1**        Monte Pollard appeals the trial court's judgment awarding Comanche Heights Homeowners Association (Comanche Heights) injunctive relief on its claims for breach of contract.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Comanche Heights is a non-profit corporation that operates a planned community in Chandler.  *See* Ariz. Rev. Stat. (A.R.S.) § 33-1802(4)[2] (defining "planned community").  Pollard owns a home in the planned community and, by virtue of his home ownership, is a member of Comanche Heights.  *See id.* (providing that owners are "mandatory members" of a planned community).

**¶3**        Pursuant to its rule-making authority, Comanche Heights adopted a rule requiring that dogs remain on leashes while on common area property.  Comanche Heights sent letters to Pollard notifying him he was in violation of the rule and requesting he keep his Labrador retriever, Thunder, on a leash while within the common areas.  However, Pollard continued to allow Thunder onto common area property without a leash, and Comanche Heights ultimately filed a complaint asserting breach of contract and seeking injunctive relief.

---

[1]        "We view the facts in the light most favorable to upholding the court's ruling."  *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 417, ¶ 2 (App. 2010) (citing *Sabino Town & Country Estates Ass'n v. Carr*, 186 Ariz. 146, 148 (App. 1996)).

[2]        Absent material changes from the relevant date, we cite a statute's current version.

¶4            The parties filed cross-motions for summary judgment, and the trial court granted Comanche Heights' motion, in part, finding it had the "requisite rule-making authority" to issue the leash rule. The court denied the remainder of Comanche Heights' motion and Pollard's cross-motion. After a bench trial, the court found Pollard had indeed violated the leash rule and awarded Comanche Heights injunctive relief requiring Pollard comply with the rule. The court also awarded Comanche Heights $27,497.71 in attorneys' fees and costs. Pollard timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1), (5)(b).

## DISCUSSION

¶5            As a preliminary matter, we note that Pollard did not provide this Court with a trial transcript. As the appellant, Pollard bears the burden to ensure "the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 11(b)(c). In the absence of a transcript, we "presume that the record supports the trial court's rulings." *Kohler v. Kohler*, 211 Ariz. 106, 108 n.1, ¶ 8 (App. 2005) (citing *Baker*, 183 Ariz. at 73).

## I.      Breach of Contract

¶6            Pollard argues the trial court "misinterpreted and misapplied the language of the deed restrictions and related rules." Because the interpretation of a restrictive covenant is a matter of law, we apply *de novo* review. *See Coll. Book Ctrs., Inc. v. Carefree Foothills Homeowners' Ass'n*, 225 Ariz. 533, 537, ¶ 11 (App. 2010) (citing *Powell v. Washburn*, 211 Ariz. 553, 555-56, ¶ 8 (2006)).

¶7            When a property owner accepts a deed containing property restrictions, the owner becomes contractually bound by those restrictions. *See Heritage Heights Home Owners Ass'n v. Esser*, 115 Ariz. 330, 333 (App. 1977) (citations omitted). Courts may enforce property restrictions by granting injunctive relief. *See Ariz. Biltmore Estates Ass'n v. Tezak*, 177 Ariz. 447, 448 (App. 1993) (citing *Divizio v. Kewin Enters., Inc.*, 136 Ariz. 476, 481 (App. 1983)). When Pollard purchased a home in the planned community, he accepted a deed subject to property restrictions set forth in the duly recorded "Declaration of Covenants, Conditions, Restrictions, Reservations and Easements for Comanche Heights" (the Declaration). *See* A.R.S. § 33-

1802(3) (defining "declaration" as "any instrument[], however denominated, that establish[es] a planned community and any amendment to th[at] instrument[]"). Pollard concedes that the restrictions contained in the Declaration run with the land and "form a contract between the subdivision's property owners as a whole and the individual lot owners." *Tezak*, 177 Ariz. at 448.

¶8 The Declaration established Comanche Heights and granted it authority to adopt rules and regulations to "restrict and govern the use of any Common Area by any Member, Occupant or Resident." Pursuant to that authority, Comanche Heights adopted the leash rule.[3]

¶9 The trial court found that "Mr. Pollard conceded that his dog was off leash in the common areas in violation of the HOA rules." The court also found that "the underlying behavior has been occurring since May 2011 and continued to take place as recently as [August 2014]." As noted, without a trial transcript, we assume the evidence offered at trial was sufficient to support the court's finding of fact that Pollard repeatedly violated the leash rule. Having established that Pollard violated the rule, we conclude the court properly awarded Comanche Heights injunctive relief.

¶10 Pollard urges us, however, to conclude his breach was not material because his violation of the leash rule was *de minimis*. While conceding that Comanche Heights "made its case for breach," Pollard argues the trial court should have weighed "the type and time duration of that breach." *See* Restatement (Second) of Contracts § 241 (1981) (listing factors to consider in determining "whether a failure to render or to offer performance is material"). In making his argument, Pollard relies heavily upon this Court's decision in *Johnson v. Pointe Community Ass'n, Inc.*, in which we noted that courts "afford a neutral interpretation of a [planned community's] declaration and 'significant protection against overreaching' by either homeowners or their association." 205 Ariz. 485, 490, ¶ 25 (App. 2003) (quoting *Lamden v. La Jolla Shores Clubdominium Homeowners Ass'n*, 980 P.2d 940, 952 (Cal. 1999)). In the absence of a trial transcript, we have no basis upon which to conclude Comanche Heights acted inappropriately. And, indeed, the record reflects more than a *de minimis* transgression. Evidence was apparently presented that Pollard repeatedly violated the

---

[3] Comanche Heights' bylaws define "common area" as "all real property owned by Comanche Heights for the common use and enjoyment of the Owners as defined in the Declaration."

rule over a three-year period, despite warnings from Comanche Heights. We therefore conclude Comanche Heights did not overreach and the trial court did not err in finding Pollard materially breached his contract with Comanche Heights.

**¶11**　　　　Pollard also argues the leash rule is unreasonable and unenforceable because it contains no "temporal restrictions." To successfully challenge a rule in the Declaration, Pollard bears the burden of proving Comanche Heights breached its duty "to 'treat members fairly' and the duty to 'act reasonably in the exercise of its discretionary powers including rulemaking, enforcement, and design-control powers.'" *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 201, ¶ 25 (App. 2007) (quoting Restatement (Third) of Property: Servitudes § 6.13 (2000)). Additionally, because the rule involves an exercise of discretion, Pollard must prove the breach "'caused, or threatens to cause, injury to the member individually or to the interests of the common-interest community.'" *Id.* (quoting Restatement (Third) of Property: Servitudes § 6.13(2)). On this record, Pollard has not met his burden, and we cannot say the rule is unreasonable or unenforceable.

## II.　　Attorneys' Fees

**¶12**　　　　Pollard also argues the trial court abused its discretion in awarding Comanche Heights attorneys' fees. The trial court is authorized to award reasonable attorneys' fees to the successful party "[i]n any contested action arising out of a contract, express or implied." A.R.S. § 12-341.01(A). The court has broad discretion in awarding and determining the amount of fees under A.R.S. § 12-341.01, and we will not disturb an award absent an abuse of that discretion. *See Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562, ¶ 39 (App. 2014) (citations omitted).

**¶13**　　　　As noted earlier, Pollard conceded the deed restrictions formed a contract between himself and Comanche Heights. *See supra* ¶ 7. After concluding Pollard breached that contract, the trial court instructed Comanche Heights to file an application for attorneys' fees, which it did. Pollard filed a cross-application for fees and costs. After reviewing the applications, the court awarded Comanche Heights $27,497.71 in fees and costs. It reasoned:

> The Court finds that the attorneys' fees sought by [Comanche Heights] are a direct result of the actions of [Pollard]. [Pollard] was the only person who had the [wherewithal] to comply with the requirements placed on all homeowners in

the covered area. [Pollard] chose to not comply with the rules and his efforts to resolve the matter by negotiating/ demanding that [Comanche Heights] acquiesce that there exists an envelope around his property are not persuasive.

THE COURT FINDS that but for [Pollard's] actions and the choices he made, this matter would have never proceeded to litigation much less trial. [Pollard] is now asking that his neighbors not only pay the attorney fees for [Comanche Heights] but also his attorney fees by somehow contending that he was the prevailing party after the trial. The Court finds that [Pollard's] position is contrary to the facts, law, and the findings of the Court.

¶14 Pollard argues the trial court erred in failing to consider that the Declaration lacked a fee-shifting provision. A successful litigant in a contract action, however, can recover attorneys' fees either pursuant to the contract *or* pursuant to A.R.S. § 12-341.01. *See Atkinson v. Valley Nat'l Bank of Ariz.*, 22 Ariz. App. 297, 301 (1974). Accordingly, the absence of a contractual provision did not prevent Comanche Heights from recovering fees under A.R.S. § 12-341.01.

¶15 Pollard further argues that he is the successful party. However, Comanche Heights succeeded on its claims for both breach of contract and injunctive relief. Therefore, the trial court did not abuse its discretion in finding Comanche Heights was the prevailing party. *See Hall v. Read Dev., Inc.*, 229 Ariz. 277, 279, ¶ 7 (App. 2012) (holding a trial court has broad discretion to determine which party was successful for purposes of awarding attorneys' fees).

¶16 Finally, Pollard argues the trial court failed to consider the impact of the parties' settlement discussions. The court's minute entry, however, indicates that it *did* consider the parties' settlement discussions. We therefore conclude the trial court properly exercised its discretion in awarding Comanche Heights attorneys' fees.

## CONCLUSION

¶17 For the foregoing reasons, we affirm the judgment of the trial court. We deny Comanche Heights' request for attorneys' fees on appeal because it failed to provide a statutory basis for the request. *See* ARCAP 21(a)(2); *Roubos v. Miller,* 214 Ariz. 416, 420, ¶ 21 (2007*)* (noting a party's request for attorneys' fees must include the statutory or contractual basis

for the award).  As the prevailing party, Comanche Heights is awarded its costs on appeal upon compliance with ARCAP 21(b).



Ruth A. Willingham · Clerk of the Court
FILED: ama